[No. 21671. Department One. March 22, 1929.]

THE STATE OF WASHINGTON, *Appellant*, v. THEODORE
TORBENSON, *Respondent*.[1]

*The Attorney General, L. B. Donley, Assistant,
Ewing D. Colvin,* and *R. M. Burgunder,* for appellant.

*Ben L. Moore,* for respondent.

TOLMAN, J.—Respondent was charged below with the
offense of selling securities without a license, the
charging part of the information reading:

"He, said Theodore Torbenson, in the county of
King, state of Washington, on the 1st day of July, A.
D. 1927, then and there being a broker, for the sale of
securities of the Jerome Grande Copper Company, an
Arizona corporation, engaged in the metalliferous
mining industry as its principal business, did then and
there, wilfully and unlawfully sell to one A. G. Schon-
acker one thousand (1000) shares of common stock of
said Jerome Grande Copper Company for thirty cents
(30c) a share, or a total value of three hundred dollars
($300) in lawful money of the United States; and he,
the said Theodore Torbenson, had not then and there

[1]Reported in 275 Pac. 720.

applied for and obtained from the secretary of state of the state of Washington a broker's permit authorizing him to act as such broker in the sale of said stock.''

A demurrer to this information was interposed and sustained, and the action dismissed. The state has appealed.

This prosecution is based upon the Laws of 1923, p. 207 (Rem. 1927 Sup., § 5853-1), known as the "Securities Act". Section 2 of the act (Rem. 1927 Sup., § 5853-2) makes it applicable to all domestic and foreign private corporations, associations, joint stock companies, copartnerships and trustees, excepting banking and other corporations organized under national laws, insurance companies and all corporations transacting a banking or trust company business, building and loan associations and societies, public utilities under the control of the director of public works and all companies without capital stock and not operated for pecuniary gain. Subdivision 2 of § 2 defines securities as including:

"All shares or interests into which the capital, capital stock, or property of companies, or rights of stockholders or members thereof, are divided, including all treasury shares and shares of their own capital stock purchased or otherwise acquired by companies upon delinquent assessment sales or in any other lawful manner, and all certificates and other instruments issued by them or their authority, evidencing or representing such shares, interests or rights;''

Section 2½ of the Laws of 1923, p. 209, reads:

"This act shall not apply to domestic or foreign corporations, associations, joint stock companies, copartnerships or common law trusts, engaged in the metalliferous mining industry as its principal business.'' (Rem. 1927 Sup., § 5853-2½.)

Both sides seem to agree that the bill, as originally drawn, did not include § 2½, but that, while the meas-

ure was pending, the attention of the legislature was called to the metalliferous mining industry and that this section was then inserted as an after-thought. But whether an after-thought or not, the intent was, it seems clear, to place those engaged in metalliferous mining in the excepted class along with banks, insurance companies and the like, so that they were left in the same position as if the law had never been enacted.

In other words, the exemption of metalliferous mining companies from the operation of the act is complete and final. They are not companies within the meaning of the act. Their stock is not a security within the meaning of the act, and an agent or broker, acting for such a company in selling its stock, is not dealing in securities within the meaning of the act, and if not so dealing in securities, he is not a broker under the act.

Other arguments are advanced by the respondent which seem equally sound, but we consider it unnecessary to take time and space to state them.

The state seems to urge that the construction which we have adopted makes the act class legislation and within the ban of our constitution. That question is not now here. We are simply holding that metalliferous mining companies are, by the terms of the act, classified with the excluded banks, building and loan associations, insurance companies and the like, and are therefore not within any of the terms of the act. Whether any or all of such enterprises are properly so excluded, must be left for determination when the question is properly presented.

The judgment is affirmed.

MITCHELL, C. J., FULLERTON, HOLCOMB, and BEALS, JJ., concur.